**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4684**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LAMONT VAN HARRIS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:11-cr-00240-1)

———————

Submitted: February 28, 2013      Decided: March 28, 2013

———————

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Thompson Price, HOLROYD & YOST, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Van Harris appeals from his conviction after a jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The Government presented evidence that the Defendant shot Travis Bush with a 9mm handgun. On appeal, the Defendant argues that the district court erred in denying his motion to exclude the identification of him by the victim, that there was insufficient evidence to support his conviction, and that the district court erred in denying his motion for a new trial based on juror bias. Finding no error, we affirm.

The Defendant appeals the district court's denial of his motion in limine to suppress Travis Bush's pre-trial identification of him as the man who shot him on September 17, 2011, and preclude him from identifying the Defendant in court. He argues that the photo array used by police six days after the shooting was impermissibly suggestive because Bush admittedly saw the same photograph used in the photo array on local television news coverage of the incident, which also indicated that the Defendant had been arrested for the crime. The Defendant's argument on appeal is conclusory and states only that the use of the photo in the array was impermissibly suggestive and that the identification procedure created a substantial likelihood of misidentification. He also flatly

2

asserts that Bush's pre-trial identification was not sufficiently reliable to permit an in-court identification.

This court reviews de novo a district court's admission of an eyewitness identification. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" Id. (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). No due process violation occurs if the "identification was sufficiently reliable to preclude the substantial likelihood of misidentification." United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997).

The defendant bears the burden of proof in challenging the admissibility of an out-of-court identification. See id. at 441. First, the defendant must show that the identification procedure was impermissibly suggestive. Saunders, 501 F.3d at 389. If the defendant is successful, the court must consider "whether the identification was nevertheless reliable in the context of all of the circumstances." Id. at 389-90. If a witness's out-of-court photo identification is unreliable and, therefore, inadmissible, any in-court identification is also inadmissible. Simmons, 390 U.S. at 383-84.

On appeal, this court may uphold a district court's denial of a motion to suppress an out-of-court identification, if it finds the identification reliable, without determining whether the identification procedure was unduly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). In assessing the reliability of an out-of-court identification, this court examines:

> (1) the witness's opportunity to view the suspect at the time of the crime; (2) the witness's degree of attention at the time; (3) the accuracy of the witness's initial description of the suspect; (4) the witness's level of certainty in making the identification; and (5) the length of time between the crime and the identification.

Saunders, 501 F.3d at 391.

Considering these five factors, the totality of the circumstances renders the identification reliable. Bush identified his shooter within an hour of the shooting. He observed the Defendant at the time he was shot holding a pistol and saw him outside the West Dunbar Mart, where he was shot, just prior to the incident. Bush was familiar with the Defendant from prior incidents. Bush was able to describe the Defendant's physical characteristics and provided the Defendant's first name and address. His description pointed to a specific individual and not a group of possible suspects. When reviewing the photos in the array, Bush stated that he casually recognized two men in the photo array but identified

4

the Defendant's photo as "the guy that shot me right there." The six days that elapsed between the shooting and Bush's identification was not sufficiently lengthy to undermine its reliability. As the district court noted, there were also other factors supporting the reliability of Bush's identification. Another eyewitness identified the Defendant, Bush knew facts not released to the media, and police found and arrested the Defendant at the address that Bush provided. In consideration of these facts, we conclude that the court did not err in denying the motion to suppress the out-of-court identification and in permitting an in-court identification.

We also discern no error in the district court's decision to deny the Defendant's Fed. R. Crim. P. 29 motion based on the sufficiency of the evidence against him. The Defendant argues that the Government had to prove that the Defendant shot Bush because the only physical evidence of possession of a firearm introduced at trial was five shell casings found at the scene. The Defendant cites witness Jessica Boyce's testimony that she recognized the Defendant as being a customer of the West Dunbar Mart, but that she did not see him at the store that day and only caught a glimpse of the shooter. The Defendant also questions the veracity of Bush's testimony identifying the Defendant as the shooter because they were not known to socialize together, Bush did not know the Defendant's

last name until after the shooting, and there was no motive to shoot Bush in the daylight in a public place.

We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

In resolving issues of substantial evidence, the court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and it must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We conclude that the Government produced sufficient evidence to support the jury's conviction for being a felon in possession of a firearm.

The Defendant stipulated that he had been convicted of a felony. Uncontradicted testimony of ATF Special Agent Todd Willard established an interstate nexus. Lastly, two witnesses testified that the Defendant possessed a firearm at the time he shot Bush.

Finally, the Defendant contends that the district court erred in denying his motion for a new trial under Fed. R. Crim. P. 33 based on juror bias. The Defendant's girlfriend, Doreen Motley, testified at trial. During voir dire, juror number 11 stated that she was familiar with Motley's aunt. After trial, the Defendant submitted an affidavit from Motley. In the affidavit, Motley averred that her aunt "was not fond of" the Defendant, her aunt had knowledge of the Defendant's criminal history, and her aunt was a friend of juror number 11. The Defendant argues that juror number 11's failure to fully disclose her acquaintance with Motley's aunt and the juror's potential knowledge of the aunt's impression that she did not like the Defendant and that the Defendant had a criminal record deprived him of his right to a fair and impartial jury under the Sixth Amendment. He concedes that there is no information whether the aunt's dislike of the Defendant was known to juror number 11 or whether the juror knew of the Defendant's criminal record through the juror's association with the aunt. However, he claims the acquaintance of the juror with the Defendant is

7

presumptively prejudicial and violates the right to an impartial jury.

The Government contends that the district court did not err in finding that Motley's affidavit enumerating her aunt's knowledge of the Defendant was ambiguous and insufficient to establish that the interests of justice required a new trial. Balancing the ambiguity of what juror number 11 actually knew with her answer to the court's inquiry of whether she would be able to decide the case solely on the facts and the law and her forthrightness in acknowledging the association with Motley's aunt at voir dire, the Government argues that the record is insufficient to demonstrate that the court erred in denying the motion for a new trial.

The Sixth Amendment guarantees the right to a "trial[] by an impartial jury." U.S. Const. amend. VI. "The right to trial by an impartial jury 'guarantees . . . a fair trial by a panel of impartial, indifferent jurors.'" Robinson v. Polk, 438 F.3d 350, 359 (4th Cir. 2006) (quoting Irvin v. Dowd, 366 U.S. 717, 722 (1961)).

The analysis of the Defendant's juror bias claim begins with the Supreme Court's holding in McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548 (1984), "that to obtain a new trial [on a juror bias claim], a party must first demonstrate that a juror failed to answer honestly a material

8

question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." Id. at 556; Jones v. Cooper, 311 F.3d 306, 310 (4th Cir. 2002) (recognizing the applicability of the McDonough standard to federal criminal proceedings). We believe the district court properly found that juror number 11 forthrightly answered the question during voir dire that she knew Motley's aunt and that the Defendant, therefore, was not entitled to relief under McDonough.

We have held, however, that a defendant's "[f]ailure to satisfy the requirements of McDonough does not end the court's inquiry . . . when the petitioner also asserts a general Sixth Amendment claim challenging the partiality of a juror based upon additional circumstances occurring outside the voir dire." Fitzgerald v. Greene, 150 F.3d 357, 362-63 (4th Cir. 1998). A defendant is not automatically entitled to an evidentiary hearing. However, post-trial, the movant has the opportunity to demonstrate actual bias, or in exceptional circumstances, that the facts are such that bias is to be inferred, in order to grant a new trial. Id. at 363 (quoting McDonough, 464 U.S. at 556-57).

We agree with the district court. The Defendant's motion for a new trial argues that juror number 11 may have known that Motley's aunt did not like the Defendant and may have

9

known of the Defendant's criminal history and therefore may have held a bias against the Defendant. This depiction is purely conjectural, and the Defendant proffered nothing to suggest otherwise. Motley's affidavit does not demonstrate what juror number 11 knew, but alleged what she may have known. Given the speculative nature of the Defendant's allegations, we conclude that the district court did not err in denying the motion for a new trial.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED